UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LESLIE PATRICE BARNES MARKS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TREVNOR ASKEW, et al.,<br><br>　　　　　Defendants. | Case No: C 11-3851 SBA<br><br>**ORDER**<br><br>Docket 32, 53. |

The parties are presently before the Court on pro se Plaintiff Leslie Marks' ("Plaintiff") "Preemptory Challenge," which requests that the undersigned be disqualified from presiding over this case. Dkt. 32, 53.[1] None of the Defendants filed a response to this motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.   DISCUSSION**

Plaintiff moves to disqualify the undersigned from presiding over this case pursuant to 28 U.S.C. §§ 144 and 455 on the grounds of bias and prejudice based on the Court's failure to grant Plaintiff permission to e-file. Preemptory Challenge at 2, Dkt. 32; Pl.'s Aff.

---

[1] On October 14, 2011, Plaintiff filed a motion entitled "Preemptory Challenge to Judge Sandra (sic) Brown Armstrong" ("Preemptory Challenge") and an affidavit in support thereof. Dkt. 32, 33. Plaintiff subsequently filed a motion entitled "Amended Preemptory Challenge to Judge Sandra (sic) Brown Armstrong" ("Amended Preemptory Challenge") on November 9, 2011. Dkt. 53. The Court construes these filings as a motion to recuse or disqualify the undersigned.

¶¶ 2-5, Dkt. 33. Specifically, Plaintiff claims that the undersigned "has been and remains clearly prejudiced against [her]" because the undersigned denied her request to e-file despite the fact that Plaintiff submitted a copy of the application to e-file from the Court's website and has previously e-filed in this district. Preemptory Challenge at 2; see also Pl.'s Aff. ¶¶ 2-4.

Plaintiff contends that the undersigned's denial of her request to e-file is "prejudicing [her] in favor of Defendants and will cause a financial burden on [her]." Preemptory Challenge at 2; see also Pl.'s Aff. ¶ 5. Plaintiff further contends that because the undersigned made an "adverse ruling[] in a matter so trivial" she "feel[s]" that the undersigned will be "prejudiced and biased against [her] in future rulings of more substantial issues of law." Id. ¶ 5; see also Preemptory Challenge at 2. According to Plaintiff, the undersigned's denial of her request to e-file is "erroneous and not based upon case law or rules of court." Pl.'s Aff. ¶ 3.[2]

### A. Legal Standards

A party may move to recuse a judge from presiding over a case pursuant to 28 U.S.C. § 144 and/or 28 U.S.C. § 455. Section 144 provides for recusal where a party files a "timely and sufficient affidavit" averring that the judge before whom the case is pending "has a personal bias or prejudice" either against the party or in favor of any adverse party. 28 U.S.C. § 144. The affidavit must state the facts and reasons for such belief and "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

A judge finding a § 144 motion timely and the affidavit legally sufficient must proceed no further and another judge must be assigned to hear the matter. 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally

---

[2] The Court notes that Plaintiff's "Amended Preemptory Challenge" is virtually identical to her earlier filed "Preemptory Challenge" with respect to the alleged bias and prejudice of the undersigned. The Court further notes that, unlike the "Preemptory Challenge," the "Amended Preemptory Challenge" alleges that Plaintiff has suffered "manifest injustice" because of untimely notice and service of documents due to the Court denying her permission to e-file. Because this allegation is not relevant to whether the undersigned is biased or prejudiced against Plaintiff, it will not be discussed below.

sufficient, however, the judge at whom the motion is directed may determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999).  If the judge finds that the affidavit is legally insufficient, recusal is simply denied.  See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995); Walker v. Hedgpeth, 2009 WL 4676227, at *1 (N.D. Cal. 2009).  The requirements of § 144 are strictly construed to prevent abuse because the statute is heavily weighted in favor of recusal.  Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004); see also United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992) (holding that § 144 affidavits should be strictly construed against the affiant and that movants bear a substantial burden to show actual partiality).

By contrast, § 455 provides broader grounds for disqualification, requiring a judge to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455 further provides that the judge shall disqualify herself where the judge "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  The decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue.  In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

The substantive standard used to review motions for recusal under § 144 and § 455 is the same where the party does not allege grounds for recusal other than those relating to bias or prejudice.  See Sibla, 624 F.2d at 867; Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).  The standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Pesnell, 543 F.3d at 1043.

**B.     Recusal Under 28 U.S.C. § 144**

Plaintiff's affidavit is both procedurally and substantively insufficient under § 144 to support recusal, and therefore it need not be referred to another judge.  First, Plaintiff's affidavit is procedurally insufficient because it was not "accompanied by a certificate of counsel of record stating that it is made in good faith," as required by § 144.  28 U.S.C. § 144 (the affidavit in support of recusal "shall" be accompanied by a certificate of good faith by "counsel of record"); see also SEC v. Loving Spirit Found., Inc., 392 F.3d 486, 496

- 3 -

(D.C. Cir. 2004) (citations omitted) ("[T]o guard against the removal of an unbiased judge through the filing of a false affidavit, the statute requires the attorney presenting the motion to sign a certificate stating that both the motion and declaration are made in good faith.").

While some courts have concluded that an individual proceeding in pro per cannot proceed under § 144 because he or she cannot submit a certificate of counsel, and other courts have ruled that the affidavit of any counsel who is a member of the bar may sign the certificate of good faith, see Jimena v. UBS AG Bank, 2010 WL 2650714, at *3 (E.D. Cal. 2010) (citing cases), the Court finds it unnecessary to determine whether these cases have properly interpreted the statute. Plaintiff's affidavit is not accompanied by a certificate of good faith signed by herself or by a member of the bar of this Court. As such, the Court need not resolve the question of whether Plaintiff, as a pro se litigant, may move for disqualification under § 144 by signing and submitting her own certificate of good faith. Nor must the Court determine whether a certificate of good faith signed by a member of the bar, albeit not counsel of record, is sufficient to satisfy the certificate of good faith requirement of the statute. In short, because the statute plainly requires a certificate of good faith to be submitted in support of a recusal motion, and because the Court has not located any binding authority excusing a pro se litigant from complying with this requirement,[3] the Court concludes that Plaintiff's affidavit is procedurally insufficient.

Second, even assuming for the sake of argument that Plaintiff complied with the procedural requirements of the statute, Plaintiff's affidavit is substantively insufficient because it fails to allege facts that fairly support the contention that the undersigned exhibits bias or prejudice directed toward her that stems from an extrajudicial source. See Sibla, 624 F.2d at 868 (an affidavit filed pursuant to § 144 is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or

---

[3] The Court notes that the Ninth Circuit has made it clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)), and should not be treated more favorably than parties who are represented. See Jacobsen v. Filler, 790 F.2d 1362, 1364-1365 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys).

1  prejudice directed toward a party that stems from an extrajudicial source).  Here, the
2  affidavit submitted by Plaintiff alleges bias and prejudice arising out of a judicial action
3  taken by the undersigned; namely, an Order (Dkt. 17) denying Plaintiff's request to e-file in
4  this case.  See Pl.'s Aff. ¶¶ 2-5.  This is not a proper ground upon which to disqualify a
5  judge.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality
6  motion."  Liteky v. United States, 510 U.S. 540, 555 (1994); see also Leslie v. Grupo ICA,
7  198 F.3d 1152, 1160 (9th Cir. 1999) (allegations of bias or prejudice that stem entirely from
8  a judge's adverse rulings are not adequate bases for recusal).
9       Accordingly, recusal of the undersigned from presiding over this case is neither
10 warranted nor proper under § 144.  Plaintiff failed to submit a certificate of good faith as
11 required by § 144.  Plaintiff also failed to allege judicial bias or prejudice stemming from
12 an extrajudicial source, or otherwise articulate any legitimate ground upon which a
13 reasonable person with knowledge of all the facts would question the undersigned's
14 impartiality.
15      **C.     Recusal Under 28 U.S.C. § 455**
16      Plaintiff's motion and affidavit are also insufficient to support recusal under § 455.
17 As noted, Plaintiff moves to disqualify the undersigned on the grounds of bias and
18 prejudice based on the denial of her request to e-file.  Plaintiff's allegations, however, fail
19 to establish a basis for a determination that the undersigned's impartiality might reasonably
20 be questioned.  As with § 144, judicial rulings alone almost never constitute a valid basis
21 for a bias or partiality motion under § 455.  See Liteky, 510 U.S. at 555 (noting that judicial
22 rulings are "[a]lmost invariably, . . . proper grounds for appeal, not for recusal").  Here,
23 because the allegations of bias and prejudice in Plaintiff's motion and affidavit stem solely
24 from a ruling made by the undersigned in this litigation, they are not adequate bases for
25 recusal.  See Leslie, 198 F.3d at 1160 (an adverse ruling is not an adequate basis for
26 recusal).  Accordingly, recusal of the undersigned from presiding over this case is neither
27
28

warranted nor proper under § 455.[4]

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is DENIED.

2. This Order terminates Docket 32 and 53.

IT IS SO ORDERED.

Dated: 1/9/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] To the extent Plaintiff contends that the denial of her request to e-file violates the law, she is mistaken. Plaintiff cites no authority for the proposition that a pro se litigant is entitled to e-file in this district as a matter of law. Indeed, just because a pro se litigant may be permitted to e-file does not mean that a pro se litigant is entitled to e-file. This Court has inherent discretion in managing its docket, which includes prohibiting pro se litigants from utilizing the e-filing system. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Thus, contrary to Plaintiff's contention, the Court acted within its authority when it denied her request to e-file.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LESLIE PATRICE BARNES MARKS,

      Plaintiff,

  v.

TREVNOR ASKEW et al,

      Defendant.
      _____/

Case Number: CV11-03851 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leslie Patrice Barnes Marks
3099 Suter Street
Oakland, CA 94602

Dated: January 9, 2012

                        Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk