1

2                              UNITED STATES DISTRICT COURT

3                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                      OAKLAND DIVISION

5

6  LESLIE PATRICE BARNES MARKS, and          Case No:  C 11-3851 SBA
   others similarly situated,
7                                            **ORDER GRANTING MOTIONS TO**
                Plaintiff,                   **DISMISS AND DENYING**
8                                            **MOTIONS TO HAVE PLAINTIFF**
        vs.                                  **DECLARED A VEXATIOUS**
9                                            **LITIGANT**
   TREVNOR ASKEW, TRA PARTNERS,
10 LLC., GREENTREE SERVICING, LLC,           Dkt. 43, 47, 51, 59, 61, 74
   FIDELITY NATIONAL TITLE COMPANY
11 aka DEFAULT RESOLUTION NETWORK,
   OCWEN LOAN SERVICING, LLC, NEW
12 CENTURY LIQUIDATING TRUST fka
   NEW CENTURY MORTGAGE
13 CORPORATION dba HOME 123
   CORPORATION; ACCESS DIRECT
14 REALTY, INC., KYLE CRABB and all
   persons unknown claiming any legal or
15 equitable right, title estate, lien or
   interest in the property described in the
16 complaint adverse to plaintiff's title or any
   cloud on Plaintiff's title thereto and Does 1
17 through 100 inclusive,

18              Defendants.

19

20

21        The instant action is the latest in a series of lawsuits filed by pro se litigant Leslie

22 Patrice Barnes Marks ("Plaintiff") which arises out of the foreclosure of property located at

23 3099 Suter Street, Oakland, California ("Subject Property").  As Defendants, Plaintiff has

24 named:  (1) Trevnor Askew ("Askew"); (2) TRA Partners, LLC ("TRA"); (3) Green Tree

25 Servicing, LLC ("Green Tree"); (4) Fidelity National Title Company aka Default

26 Resolution Network ("DRN"); (5) Ocwen Loan Servicing, LLC ("Ocwen"); (6) New

27 Century Liquidating Trust fka New Century Mortgage Corporation dba Home 123

28

Corporation ("New Century Trust" or "the Trust"); (7) Access Direct Realty, Inc. ("Access"); and (8) Kyle Crabb ("Crabb").

The parties are presently before the Court on the following motions:

1.     Green Tree's Motion to Dismiss and Parallel Motion to Have Plaintiff Declared a Vexatious Litigant, Dkt. 51;

2.     DRN's Motion to Dismiss and Parallel Motion to Have Plaintiff Declared a Vexatious Litigant, Dkt. 61;

3.     Askew and TRA's Motion to Dismiss and Parallel Motion to Have Plaintiff Declared a Vexatious Litigant, Dkt. 74.

4.     Ocwen's Motion to Dismiss Plaintiff's Amended Verified Complaint, Dkt. 43; and

5.     New Century's Amended Motion to Dismiss Plaintiff's Amended Verified Complaint for Damages and Partial Joinder in Motion to Dismiss of Green Tree Servicing LLC'S Motion to Dismiss, Dkt. 47, 59.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motions to dismiss for the reasons set forth below.  The Court DENIES the motions to have Plaintiff declared a vexatious litigant, without prejudice.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I.     **BACKGROUND**

## A.     FACTS[1]

Plaintiff originally purchased the Subject Property in 1998.  Am. Compl. at 2, Dkt. 21; Green Tree Request for Jud. Notice ("RJN"), Ex. A, Dkt. 40-1.  Beginning in 2004, Plaintiff began refinancing the Subject Property, each time increasing her loan balance while simultaneously taking cash from the refinancing proceeds.  Id. Exs. B-D, Dkt. 40-1, 40-2.  Plaintiff's most recent refinancing, which is the genesis of this and numerous prior

---

[1] The following facts are taken from the Amended Complaint, which is the operative pleading before the Court, and matters properly subject to judicial notice.

lawsuits, occurred on or about March 24, 2006.  At that time, Plaintiff refinanced the Subject Property through Home123 Corporation ("Home123"), a subsidiary of New Century Mortgage Corporation ("New Century"), and took out a mortgage in the amount of $495,000.  Id. Ex. E.  Plaintiff made one payment on her Home123 mortgage; after that, she then filed for bankruptcy and instituted numerous lawsuits arising over the mortgage. These overlapping and intertwined legal proceedings are summarized below.

### 1.     Plaintiff's First Bankruptcy Chapter 13 Petition

On June 30, 2006, Plaintiff filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California.  See In re Leslie Patrice Barnes Marks, Bankr. N.D. Cal., No. 06-41079 RN.  On July 17, 2006, the Bankruptcy Court granted the trustee's motion to dismiss and terminated the proceeding based on Plaintiff's failure to comply with the requisite procedural steps.  Id., Dkt. 11.  Plaintiff did not appeal the dismissal.

### 2.     Marks v. Chicoine, No. C 06-6806 SI and Related Bankruptcy Proceedings

#### a)     District Court Proceedings

In the meantime, on June 28, 2006, two days prior to filing for bankruptcy, Plaintiff filed a complaint in the Alameda County Superior Court against New Century, Home123 and Tom Chicoine ("Chicoine"), an employee of New Century, claiming that they defrauded her in connection with her mortgage.  See Marks v. Chicoine, Alam. Cty. Super. Ct., No. RG06276972 ("the Chicoine action").  Plaintiff alleged causes of action for fraudulent misrepresentation, negligence, breach of the implied covenant of good faith and fair dealing, loan fraud, and violation of City of Oakland predatory lending laws.

On November 1, 2006, defendants filed a Notice of Removal and the action was assigned to the Honorable Susan Illston.  N.D. Cal. No. C 06-6806 SI.  On April 2, 2007, New Century and related entities, including Home123, filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware.  Id., Dkt. 52, 53; see In re New

Century TRS Holdings, Inc., No. 07-10416 (KJC), Bankr. D. Del.[2]  As a result, the district court proceedings as to New Century and Home123 were stayed.  See Chicoine, No. C 06-6806 SI, Dkt. 62.  Around the same time period, New Century transferred Plaintiff's mortgage to Ocwen.

### b)   New Century's Bankruptcy

On September 3, 2008, the Delaware Bankruptcy Court entered an Amended Order Terminating the Automatic Stay under Section 362(a) of the Bankruptcy Code to Permit the Commencement or Continuation of Any Act to Exercise Any Rights and Remedies Upon Interests in Real Property (the "Global Relief Stay Order").  See Am. Compl. Ex. B.  The Global Relief Stay Order grants limited relief from the automatic bankruptcy stay by allowing parties to exercise any applicable rights and remedies against real property under non-bankruptcy law.  Id.

On November 20, 2009, however, the Bankruptcy Court entered an order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation, dated as of September 30, 2009 (the "Modified Confirmation Order"), which became effective on December 1, 2009.  See New Century RJN Ex. 4.  The Modified Confirmation Order provides that:

> all Persons and entities who have held, currently hold, or may hold Claims against or interests in the Debtors or the Estates that arose prior to the Modified Effective Date . . . are permanently enjoined from (i) commencing or continuing in any manner, directly or indirectly, any action or other proceeding against any Protected Party or any property of any Protected Party.

Id., Ex. 4 ¶ 9 (emphasis added).  The term "Protected Party" is defined in the Modified Plan as "any of the Liquidating Trustee (including in his capacity as Plan Administrator and sole officer and director of the Debtors), the Estates, the Liquidating Trust, Reorganized Access Lending, and the Plan Advisory Committee, each in their respective capacities."  Id. Ex. 4 ¶ 23.  Additionally, the Modified Confirmation Order provides that:

---

[2] The New Century bankruptcy proceeding remains pending.

> all injunctions or stays provided for in the Chapter 11 Cases by orders of the Court, under sections 105 or 362 of the Bankruptcy Code, the Modified Plan, or otherwise, and extant on the Modified Confirmation Date, shall remain in full force and effect until the later of (x) the entry of the Final Decree or (y) the dissolution of the Liquidating Trust.  In accordance therewith, and without limiting the foregoing, until the later of (i) entry of the Final Decree or (ii) the dissolution of the Liquidating Trust, all Persons or entities (except as provided in section 362(b) of the Bankruptcy Code) are stayed from (i) commencement or continuation of a judicial, administrative, or other action or proceeding, including the employment of service of process against the Debtors that was or could have been commenced prior to the Petition Date, or to recover a claim against the Debtor that arose prior to the Petition Date.

Id. Ex. 4 ¶ 10 (emphases added).

### c)   *Plaintiff's Adversary Action*

Due to the stay of the Chicoine action as to New Century and Home123, Plaintiff commenced an adversary action against these entities in the New Century bankruptcy proceeding on March 3, 2009.  See Marks v. New Century Mortgage Corporation, Bankr. D. Del., Adversary No. 09-50244 (KJC) ("the New Century adversary action").  Plaintiff accused New Century and Home123 of having fraudulently transferred her mortgage to Ocwen and DB Structured Products, Inc. ("DB") in violation of federal, bankruptcy and state laws.  To settle the dispute, the New Century Trust agreed to pay Plaintiff the sum of $80,000.  Ex. 8 ¶ 1, Dkt. 48-8.  The parties' Settlement Agreement contains the following release of claims:

> Marks hereby (a) releases, acquits and discharges the Debtors [including New Century Mortgage Corporation and Home123 Corporation], the Trust, the Trustee, the Plan Advisory Committee . . . , their respective retained professionals, and their respective successors and assigns, of and from any and all claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, (b) releases, waives and agrees to the expunging of any claims filed by, or scheduled on behalf of, Marks, and (c) shall cause the Adversary Proceeding and any pending state or federal court proceedings related to or involving the Debtors or the Trust to be dismissed with prejudice within fifteen (15) days after Marks receives the Settlement Sum in good funds; . . . .

New Century Trust RJN Ex. 8 ¶ 6, Dkt. 48-8.   After receiving the settlement funds, Plaintiff filed requests to dismiss the Chicoine action on September 9, 2010, and her

1  adversary action on September 10, 2012.  Ex. 6, Dkt. 48-6.  Judge Illston granted Plaintiff's

2  motion to dismiss the <u>Chicoine</u> action with prejudice on September 10, 2010.  <u>Chicoine</u>,

3  No. C 06-4806 SI, Dkt. 146.

4         **3.**      <u>**Marks v. Ocwen Loan Servicing, Inc.**</u>**, No. C 07-2133 SI**

5        As noted, during the pendency of the <u>Chicoine</u> action, New Century transferred

6  Plaintiff's loan to Ocwen.  As a result, on April 17, 2007, Plaintiff filed suit in this Court

7  against Ocwen and DB alleging that defendants had engaged in fraudulent conduct relating

8  to her mortgage.  <u>See</u> <u>Marks v. Ocwen Loan Servicing, Inc.</u>, U.S. Dist. Ct., N.D. Cal. Case

9  No. C 07-2133 SI ("the <u>Ocwen</u> action").  The complaint alleged four causes of action

10  against Ocwen and DB for fraudulent misrepresentation and violations of the Truth in

11  Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and section

12  17200 of the California Business and Professions Code.  On August 21, 2007, Judge Illston

13  granted in part defendant's motion to dismiss with leave to amend.  <u>Id.</u>, Dkt. 47.

14        On October 15, 2007, Plaintiff filed a First Amended Complaint, which re-alleged

15  the original four causes of action, and added claims of negligence and professional

16  malpractice, as well as negligent misrepresentation.  <u>Id.</u>, Dkt. 52.  Defendants again moved

17  to dismiss, and on February 6, 2008, Judge Illston granted their motion in part.  <u>Id.</u>, Dkt. 59,

18  69.  The Court dismissed the TILA, RESPA and negligence and professional malpractice

19  claims and again granted plaintiff leave to amend.  The Court also dismissed Plaintiff's

20  claims under the Business and Professions Code because plaintiff sought unavailable

21  remedies; however, the Court allowed her to amend her claims to seek a proper remedy.

22  Finally, the Court allowed Plaintiff to maintain her fraud claims, but expressed its

23  skepticism regarding her ability to establish defendants' liability.

24        Plaintiff filed her Second Amended Complaint ("SAC") on April 11, 2008, alleging

25  the same six causes of action as alleged in her FAC.  <u>Id.</u>, Dkt. 76.  Over ten months after

26  filing her SAC, Plaintiff moved for leave to file a Third Amended Complaint ("TAC") to

27  add new causes of action for fraudulent conveyance, civil conspiracy, and violations of the

28  Fair Credit Reporting Act ("FCRA") and Lenders and Servicers Licensing Act.  <u>Id.</u>, Dkt.

wer

1   100.  Defendants filed an opposition to the motion to amend and counter-motion for

2   judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Id., Dkt. 105.  On

3   April 10, 2009, Judge Illston denied Plaintiff's motion for leave to file a TAC, granted

4   defendants' counter-motion for judgment on the pleadings and entered final judgment for

5   defendants.  Dkt. 112, 113.  Plaintiff did not appeal the judgment.

### 4.       Second Bankruptcy Action

#### a)       *Chapter 13 Petition, No. 09-46608 RN*

8          On July 23, 2009, after the conclusion of the Ocwen action but during the pendency

9   of the Chicoine action, Plaintiff filed a second Chapter 13 petition in this District's

10  Bankruptcy Court, thereby triggering an automatic stay of any foreclosure proceedings on

11  the Subject Property.  In re Leslie Patrice Barnes Marks, Bankr. N.D. Cal., No. 09-46608

12  RN.

13         On January 8, 2010, the court granted Home123's motion for motion for relief from

14  the automatic stay, and expressly allowed the foreclosure of the Subject Property to

15  proceed.  Dkt. 77, 103.  Shortly thereafter, on January 19, 2010, the Bankruptcy Court

16  dismissed the action based on the fact that Plaintiff had previously filed a bankruptcy

17  petition which had been dismissed.  Dkt. 99.

18         Plaintiff appealed the dismissal order as well the order granting relief from the

19  automatic stay to this Court.  Marks v. Ocwen Loan Servicing, N.D. Cal. No. 10-1148

20  WHA.  The appeal was assigned to the Honorable William H. Alsup.  On August 12, 2010,

21  Judge Alsup affirmed the Bankruptcy Court's decision.  Dkt. 31.  In addition to ruling that

22  Plaintiff's appeals were untimely, Judge Alsup found that Plaintiff's claims were barred by

23  the doctrine of res judicata for the same reasons expressed in his decision in the companion

24  adversary action filed by Plaintiff (No. C 10-0203 WHA), which is discussed below.

25  Plaintiff appealed Judge Alsup's ruling to the Ninth Circuit, which affirmed his decision on

26  November 2, 2011.  Dkt. 41.

27

28

1

### b)     Adversary Action, No. 09-04307

2

On the same date that Plaintiff filed her second Chapter 13 bankruptcy action—

3   which is after Judge Illston had already dismissed the Ocwen action—Plaintiff filed an

4   adversary proceeding against Ocwen, accusing it, inter alia, of fraudulently obtaining her

5   mortgage from New Century and of improperly attempting to foreclose on the Subject

6   Property.  Marks v. Ocwen, Bankr. N.D. Cal., Adversary Case No. 09-04307.  Ocwen filed

7   a motion to dismiss the adversary action on the grounds that it was barred by the doctrine of

8   res judicata based on the final judgment rendered in the Ocwen action.  The Bankruptcy

9   Court agreed, and on November 3, 2009, granted Ocwen's motion to dismiss.  Marks v.

10   Ocwen Loan Servicing, Bankr. N.D. Cal. Adversary No. 09-4307 AT, Dkt. 37, 43.

11

Plaintiff appealed the Bankruptcy Court's dismissal of the adversary action to this

12   Court, which assigned the appeal to the Honorable William Alsup.  Mark v. Ocwen Loan

13   Servicing, No. C 10-0203 WHA.  On August 4, 2010, Judge Alsup agreed that Plaintiff's

14   claims were barred by res judicata and affirmed the Bankruptcy Court's decision.  Id., Dkt.

15   31.  Plaintiff appealed Judge Alsup's decision to the Ninth Circuit, which also affirmed

16   Judge Alsup's decision.  Id., Dkt. 41.  Plaintiff filed an untimely petition for rehearing en

17   banc which the Ninth Circuit stated it would not consider.  Id., Dkt. 44.

18

### 5.     Foreclosure and Unlawful Detainer Proceedings

19

By mid-May 2010, with the bankruptcy stay lifted in the second bankruptcy

20   proceeding, Plaintiff was behind on her loan payments by $176,432.90.  TRA RJN, Ex. B,

21   Dkt. 75. A Notice of Default was recorded on May 21, 2010.  Id.  A Notice of Trustee's

22   Sale was recorded on August 23, 2010.  Id., Ex. C.  Because plaintiff failed to cure the

23   default even after these Notices, the property was sold at an auction to TRA on October 20,

24   2010. Id. Ex. D.  The Trustee's Deed Upon Sale was recorded on November 1, 2010.  Id.

25

On November 8, 2010, TRA filed a Complaint for Unlawful Detainer against

26   Plaintiff in the Alameda County Superior Court to evict her from the Subject Property.  Id.

27   Ex. E.  In her Answer, Plaintiff alleged, inter alia, that the foreclosure sale was

28   "fraudulent."    Id. Ex. F.  The unlawful detainer action was tried to a jury, and on June 6,

2011, the trial court granted TRA's motion for judgment notwithstanding the verdict and awarded TRA immediate possession of the Subject Property. Id. Ex. G. Plaintiff filed a Notice of Appeal from the judgment on May 20, 2011, and August 5, 2011. Id. Ex. H. Upon motion of TRA, both appeals were dismissed. Id. Ex. J.

### 6. Marks v. Green Tree Servicing, No. C 10-3593 SI

On August 16, 2010, Plaintiff filed an action in this Court against Green Tree and DRN alleging claims under or for RICO, fraudulent conveyance, real estate fraud, section 17200, FCRA, TILA, fraud on the court, RESPA, and quiet title. Marks v. Greentree Servicing, No. C 10-3593 SI ("the Green Tree action"). The essence of these claims is that the origination and servicing of her 2006 mortgage were fraudulent and improper and that defendants had no right to foreclose on the Subject Property. Id. Dkt. 1-1 ¶¶ 1-10 (Compl.); Dkt. 71 (Am. Compl.). On October 27, 2010, Judge Illston granted defendants' motion to dismiss and dismissed Plaintiff's claims with prejudice. Dkt. 82. The Court also denied Plaintiff's motion to file a Second Amended Complaint. Id. In accordance with her ruling, Judge Illston entered final judgment for defendants. Dkt. 83. Plaintiff appealed Judge Illston's ruling to Ninth Circuit, which affirmed the judgment on November 2, 2011. Dkt. 88. On April 12, 2012, the Ninth Circuit denied Plaintiff's motion to stay the mandate and for an extension of time to file a petition for rehearing. Dkt. 91. The Ninth Circuit further stated that "[n]o further filings shall be accepted in this closed case." Id.

### 7. Marks v. Askew, Alam. Super. Ct. No. RG10546852

On November 17, 2010, little more than a week after TRA commenced unlawful detainer proceedings against her, Plaintiff filed a complaint in the Alameda County Superior Court against TRA and its managing member, Askew. See Marks v. Askew, Cal. Super. Ct., Alam. Cty., No. RG10546852 ("the Askew action").[3]

---

[3] The Court takes judicial notice of the Alameda County Superior Court's docket which is publicly accessible through the internet. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (noting that a district court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").

On April 25, 2011, Plaintiff filed a Second Amended Complaint which added Green Tree, DRN, Ocwen and New Century Trust as party-defendants and alleged nineteen causes of action.  In response, New Century Trust took the position that Plaintiff was barred from pursuing any legal claims against it based on the Bankruptcy Court's Global Relief Stay Order and the clarification to that Order issued on May 18, 2011.  New Century Trust RJN, Ex. 15.  To that end, New Century Trust filed a motion in the Delaware Bankruptcy Court on May 18, 2011, to enforce the Modified Confirmation Order and clarify the Global Relief Stay Order.

On May 25, 2011, the Bankruptcy Court entered an Order granting New Century Trust's motion (the "May 25 Order").  See Am. Compl. Ex. C.  The May 25 Order provides that "[t]o the extent Marks seeks monetary damages against the Trust or the Debtors in the California [State Court] Action, she is hereby enjoined from pursuing such relief under the terms of the Modified Confirmation Order and Bankruptcy Code."  Id. ¶ 3.  Additionally, the May 25 Order affirms that the Global Relief Stay Order:

> was not intended to, nor does it, grant any party relief from the automatic stay under section 362(a) of the Bankruptcy Code or the provisions of the Modified Confirmation Order to proceed with direct actions against any of the Debtors, the Trust or the Liquidating Trustee; the Global Relief Stay Order was entered solely to provide a mechanism for parties to name the Debtors nominally so as to commence foreclosure proceedings or otherwise clear title to real property.

Id. Ex. C ¶ 4.  On August 24, 2011, the Superior Court dismissed the action without prejudice at Plaintiff's request.

**B.    THE INSTANT ACTION**

On September 30, 2011, Plaintiff filed the instant action in this Court against: TRA; Askew; Green Tree; DRN; Ocwen; New Century Liquidating Trust; Access; and Crabb. The Amended Complaint alleges fifteen claims for relief styled as:  (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) fraudulent conveyance; (3) wrongful foreclosure; (4) unlawful eviction; (5) racial discrimination; (6) violation of the Americans with Disabilities Act; (7) real estate fraud; (8) violation of California

Business and Professions Code § 17200; (9) violation of the FCRA; (10) violation of TILA; (11) fraud on the court; (12) violation of RESPA; (13) constructive fraud; (14) fraudulent inducement; (15) violation of California Civil Code § 2932.5; (16) unconscionability; and (17) quiet title.  Dkt. 21.

According to Plaintiff, "[a]t issue [in this action] is title and rightful possession of the [Subject] Property," which she purchased in 1998.  Compl. at 2.  She alleges that Defendants conspired together "to file and record fraudulent documents resulting in the unlawful foreclosure and [her] unlawful eviction[.]"  Id.  These claims in this action are largely identical to those alleged by Plaintiff in the now-dismissed Askew action.

All of the Defendants, except Access and Crabb, have filed motions to dismiss under Rule 12(b)(6) on the grounds that Plaintiff's claims are barred by the doctrine of res judicata.  In addition, Green Tree, DRN, and TRA and Askew (collectively "TRA") move to have Plaintiff declared a vexatious litigant and request the Court to require her to seek permission before filing further lawsuits arising from the foreclosure of the Subject Property.  These motions are fully briefed and are ripe for adjudication.

## II.   **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." <u>Starr v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.    DISCUSSION

### A.    MOTIONS TO DISMISS

#### 1.    Green Tree and DRN

Green Tree and DRN each move to dismiss the instant action on the ground that Plaintiff's claims are barred by the doctrine of res judicata.  In non-diversity cases, federal courts apply federal law to determine the preclusive effect of prior federal court judgments. <u>Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.</u>, 402 U.S. 313, 324 n. 12 (1971).  "Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012).  The doctrine prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. <u>W. Radio Servs. Co., Inc. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997).  It is irrelevant whether the new claims that the plaintiff seeks to pursue now were actually pursued in the action that led to the judgment; rather, the question is whether they could have been brought in the previous case. <u>Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir. 2003).

Green Tree and DRN contend that the instant action is duplicative of the claims raised or that could have been raised in the <u>Green Tree</u> action which Judge Illston

1    dismissed with prejudice.  The Court agrees.  First, there is an identity of claims as both

2    lawsuits, which, at their core, are challenges to the legality of the mortgage and the

3    nonjudicial foreclosure of the Subject Property and seek the same relief.  Second, a final

4    judgment was rendered by Judge Illston in that action granting Green Tree's Rule 12(b)(6)

5    motion to dismiss on October 27, 2010.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 957

6    (9th Cir. 2001) ("[D]ismissal for failure to state a claim under Rule 12(b)(6) is a judgment

7    on the merits to which res judicata applies.").  Said judgment of dismissal was affirmed by

8    the Ninth Circuit on November 2, 2011.  See Ninth Cir. App. No. 10-17478, 2011 WL

9    5316758 (9th Cir. Nov. 2, 2011).  Finally, the same parties are involved; to wit, Green Tree,

10   DRN and Plaintiff.  Notably, in her response to Green Tree and DRN's motion to dismiss,

11   Plaintiff does not address, let alone dispute, their contention that her claims are barred by

12   res judicata.  Accordingly, the Court GRANTS Green Tree and DRN's motions to dismiss.

13              **2.    Ocwen**

14          Ocwen, the entity which serviced Plaintiff's 2006 mortgage, contends that Plaintiff's

15   claims are barred by res judicata based on the Ocwen action before Judge Illston and the

16   adversary action brought by Plaintiff against Ocwen during her second bankruptcy, Marks

17   v. Ocwen, U.S. Bkrtcy. Ct. N.D. Cal., Adversary Case No. 09-04307.  The Court agrees.  In

18   the civil action, Plaintiff alleged that Ocwen improperly acquired her loan from New

19   Century and that Ocwen has no rights under the mortgage.  Marks v. Ocwen Loan

20   Servicing, No. C 07-2133 SI, Dkt. 76 ¶¶ 20-38.  In the adversary action, Plaintiff again

21   alleged that the transfer of the mortgage to Ocwen was fraudulent and that Ocwen had no

22   right to foreclose on the Subject Property.  Marks v. Ocwen, Bankr. N.D. Cal. Adversary

23   No. 09-04307, Dkt. 1 ¶¶ 5-8 (Compl.).  Both Judge Illston and the Bankruptcy Court

24   adjudicated these matters against Plaintiff.  In addition, in the second bankruptcy

25   proceeding, the bankruptcy court expressly ruled that the foreclosure and recovery of

26   possession of the Subject Property could proceed.  Id., Dkt. 103.  Plaintiff appealed the

27   Bankruptcy Court rulings and lost both at the District Court level and before the Ninth

28   Circuit.

1      The instant action arises out of the same transactional nucleus of facts.  Here,

2  Plaintiff again alleges various improprieties in the origination of the mortgage, the

3  subsequent transfer of the mortgage to Ocwen, and the foreclosure of the Subject Property.

4  These claims were raised or could have been raised in the prior district court action before

5  Judge Illston, as well as in the second bankruptcy court action.  Though Plaintiff timely

6  filed a response to Ocwen's motion to dismiss, she does not dispute that the claims alleged

7  in this action are duplicative of those which she previously pursued in the action before

8  Judge Illston and in the Bankruptcy Court.  Dkt. 54.  Accordingly, the Court GRANTS

9  Ocwen's motion to dismiss.

### 3.     TRA

11      TRA moves to dismiss the action on the grounds that Plaintiff's claims are barred by

12  res judicata based on the judgment in the unlawful detainer action.  Dkt. 74.  Under 28

13  U.S.C. § 1738, federal courts are required to give full faith and credit to state court

14  judgments.  See San Remo Hotel, L.P. v. City & Cty. of San Francisco, 545 U.S. 323, 336

15  (2005); Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009).  "Under res judicata, a final

16  judgment on the merits of an action precludes the parties or their privies from relitigating

17  issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90,

18  94 (1980).  To determine the preclusive effect of a state court judgment, federal courts look

19  to state law.  Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364

20  (9th Cir. 1993).

21      "California, as most states, recognizes that the doctrine of res judicata will bar not

22  only those claims actually litigated in a prior proceeding, but also claims that could have

23  been litigated."  Id.  In determining whether res judicata bars a claim, California courts

24  follow the primary rights doctrine.  Manufactured Home Cmtys. v. City of San Jose, 420

25  F.3d 1022, 1031 (9th Cir. 2005) ("MHC").  This doctrine provides that:

26           A "cause of action" is comprised of a "primary right" of the
plaintiff, a corresponding "primary duty" of the defendant, and

27           a wrongful act by the defendant constituting a breach of that
duty.  The most salient characteristic of a primary right is that it

28           is indivisible:  the violation of a single primary right gives rise
to but a single cause of action.

Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 904 (2002) (internal quotation and alterations omitted).  Thus, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date."  Id. at 897.  "If an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983) (internal citations omitted); MHC, 420 F.3d at 1032 ("Different theories of recovery are not separate primary rights.").

The salient question presented is whether the state trial court judgment in the unlawful detainer action brought by TRA precludes Plaintiff from challenging the validity of the foreclosure in the instant action.  The California Court of Appeal's recent decision in Malkoskie v. Option One Mortg. Corp., 188 Cal.App.4th 968 (2010)—a case overlooked by the parties—is particularly instructive.  In Malkoskie, plaintiffs defaulted on their mortgage, which resulted in the commencement of foreclosure proceedings by Alliance Title Company ("Alliance"), as trustee for Option One, the beneficiary named in the deed of trust.  Id. at 971-72.  Wells Fargo Bank ("Wells Fargo") acquired the property at the trustee's sales, and filed an unlawful detainer action against plaintiffs under § 1161a.  Id. In response, plaintiffs argued that the foreclosure sale was invalid due to improper notice and because there were "irregularities in the sale."  Id. at 972.  At the time of trial, however, plaintiffs and Wells Fargo agreed to the entry of a stipulated judgment, and plaintiffs were forcibly evicted.  Id.  Plaintiffs later filed a civil lawsuit against Option One and Wells Fargo alleging causes of action for declaratory relief, quiet title, cancellation of trustee's deed, willful wrongful foreclosure, negligent wrongful foreclosure, wrongful eviction and negligence.  The trial court sustained the defendants' demurrer without leave to amend.

The Court of Appeal affirmed and held that "the stipulated judgment in the related unlawful detainer action brought by Wells Fargo against plaintiffs was res judicata as to

plaintiffs' claims in this action which all arise from the alleged invalidity of the foreclosure sale." Id. at 973.  In reaching its decision, the Court of Appeal rejected the plaintiffs' contention that the issue of whether the trustee had the legal authority to proceed with the foreclosure was not embraced or resolved by the unlawful detainer action.  Id.  The court explained that by predicating its unlawful detainer complaint on § 1161a, "the validity of Wells Fargo's title had to be resolved in the unlawful detainer action." Id.  "By stipulating to judgment against them, plaintiffs conceded the validity of Wells Fargo's allegations that the sale had been duly conducted and operated to transfer 'duly perfected' legal title to the property." Id.  As a result, the court found that the plaintiffs' claim "that no valid legal title passed to Wells Fargo in the sale … [was] foreclosed by their voluntary stipulation to a judgment that necessarily decided valid title passed to Wells Fargo entitling the bank to possess the property." Id.

In the instant case, all of Plaintiff's claims are based on the same primary right at issue in the unlawful detainer proceeding; namely, the alleged invalidity of the foreclosure sale.  The Complaint in this action challenges the validity of the foreclosure sale in which the Subject Property was sold to TRA.  Compl. at 2.  Plaintiff reiterates as much in her opposition brief, wherein she argues that TRA had no right to purchase the Subject Property given that it was involved in "active litigation" and that title was not "clear" at the time of the foreclosure sale.  Pl.'s Opp'n to TRA's Mot. to Dismiss at 1-3, Dkt. 79.  However, as in Malkoskie, the validity of the foreclosure and TRA's acquisition of the Property necessarily were encompassed by TRA's unlawful detainer action.  188 Cal.App.4th at 976.  Because the validity of the foreclosure sale has already been litigated by and between Plaintiff and TRA, Plaintiff cannot collaterally attack it here.  As a result, the final judgment rendered in that action bars all claims by Plaintiff which challenge the foreclosure and trustee's sale.  Malkoskie, 188 Cal.App.4th at 975-76; see also Dancy v. Aurora Loan Servs., LLC, No. C 10-2602 SBA, 2011 WL 835787, at *5-6 (N.D. Cal., Mar. 4, 2011) (finding that action challenging foreclosure was barred by res judicata as a result of a prior state court judgment rendered in an unlawful detainer action) (Armstrong, J.);

<u>Castle v. Mortgage Elec. Registration Sys., Inc.</u>, No. EDCV 11-00538 VAP (DTBx), 2011 WL 3626560, at *8-9 (C.D. Cal., Aug. 16, 2011) (dismissing wrongful foreclosure action with prejudice on the ground that the judgment rendered in the unlawful detainer action "necessarily adjudicated issues relating to the propriety of the foreclosure."). Accordingly, the Court GRANTS TRA's motion to dismiss.

### 4.    New Century Trust

New Century Trust moves to dismiss the instant action on the grounds that it is precluded by the Delaware Bankruptcy Court's May 25 Order and the parties' Settlement Agreement. The Court agrees. First, the May 25 Order clarified the Bankruptcy Court's September 3, 2008 Global Relief Stay Order in the bankruptcy proceeding, noting that it "was not intended to, nor does it, grant any party relief from the automatic stay under section 362(a) of the Bankruptcy Code or the provisions of the Modified Confirmation Order to proceed with direct actions against . . . the Trust . . . ." <u>See</u> Compl. Ex. C at 1-2. Rather, the Global Relief Stay Order was entered "solely to provide a mechanism for parties to name [the Trust] nominally so as to commence foreclosure proceedings or otherwise clear title to real property." <u>Id.</u> at 2. As such, the Bankruptcy Court concluded that the causes of action seeking monetary damages against the Trust in the <u>Askew</u> action were in violation of the Modified Confirmation Order and Bankruptcy Code, and enjoined Plaintiff from pursuing such relief. <u>Id.</u> at 1. Plaintiff proceeded to voluntarily dismiss the <u>Askew</u> action and re-filed a substantially similar complaint in this action.

In the instant Complaint, Plaintiff admits that the May 25 Order "allow[s] Marks to pursue [the Trust] as to quiet title only," but contends that the Order is "defective." <u>See</u> Compl. at 5 ¶ 5. In so alleging, Plaintiff directly ignores the clarification provided by the Bankruptcy Court in the May 25 Order, and instead, purports to seek monetary damages – against "Defendants," collectively – in the amount of $75,000,000. <u>See id.</u> ¶ 14 and at 49:5. Plaintiff's repeated attempts to seek monetary damages against the Trust are in violation of the Bankruptcy Court's May 25 Order. Accordingly, Plaintiff's claims against

1    the Trust seeking monetary damages must therefore be dismissed.  Any relief from that

2    Order must be sought in the Delaware bankruptcy proceeding, not this Court.

3           Plaintiff's claims against the New Century Trust also are barred by the August 2010

4    Settlement Agreement, in which Plaintiff agreed to a release of "any and all claims,

5    damages, actions, suits, causes of action, rights, liens, demands, obligations and/or

6    liabilities" against the Trust.  See RJN, Ex. 8, Ex. A at 6-7.  After executing the Settlement

7    Agreement, Plaintiff filed a notice of dismissal, requesting that the Askew action "be

8    dismissed with prejudice in accordance with the terms of the Settlement Agreement" and

9    noting that the Bankruptcy Court retained jurisdiction to address any discrepancies with the

10   Settlement Agreement.  See id. Ex. 6.  Soon thereafter, Plaintiff purported to request a stay

11   of the dismissal.  See id., Ex. 7. Plaintiff acknowledged she had "entered into a good faith

12   settlement" with the Trust, but claimed that the Trust had violated the Settlement

13   Agreement.  See id., Ex. 7 ¶¶ 2-3.  On May 10, 2011, after full briefing and an evidentiary

14   hearing, the Bankruptcy Court again ordered that the Askew action be terminated.  See id.,

15   Exs. 10, 11.  Notably, in its memorandum decision, the Bankruptcy Court concluded that

16   the record did not support a finding that the Trust failed to comply with the terms of the

17   Settlement Agreement; rather, the court explained that "the conclusion that the Trustee has

18   complied with the parties' mutual agreement is inescapable."  Id. Ex. 11, at 7.

19          Under the plain language of the Settlement Agreement, Plaintiff released the Trust

20   from any and all claims, which includes the instant action, and the Complaint must

21   therefore be dismissed as against the Trust.  Plaintiff's claims regarding the enforceability

22   and validity of the Settlement Agreement are subject solely to the jurisdiction of the

23   Bankruptcy Court, which has already approved the Settlement Agreement.

24          Finally, notwithstanding the above, the Court finds that Plaintiff's claims against

25   New Century Trust are barred by res judicata.  In the instant action, Plaintiff again purports

26   to challenge the non-judicial foreclosure of the Subject Property.  In particular, Plaintiff

27   challenges the transfer of the 2006 mortgage to Ocwen and Ocwen's subsequent transfer to

28   other entities.  Plaintiff claims that New Century Trust has no evidence of any such

1    transfer, that she was not given notice of any transfer, and, as a result, the foreclosure of her

2    former property was unlawful.  See, e.g., Compl. ¶¶ 2, 4, 5, 7, 9, 22-25.  In the New

3    Century adversary action (filed in connection with New Century's Delaware bankruptcy

4    proceeding), Plaintiff likewise also challenged the transfer to Ocwen and alleged she was

5    not given adequate notice of the transfer.  See, e.g., RJN, Ex. 5 ¶¶ 2, 4, 8, 16, 18, 21, 26-27,

6    30.  Plaintiff also asserted causes of action for fraudulent conveyance and purported

7    violations of TILA, RESPA and California's Unfair Competition Law and also sought to

8    quiet title.  See, e.g., id. ¶¶ 33, 46, 49, 79, 82-86.  In sum, an identity of claims exists.

9         Further, there exists a final judgment on the merits in the form of the Settlement

10   Agreement which resulted in the voluntary dismissal of the New Century adversary action

11   with prejudice.  See Int'l Union v. Karr, 994 F. 2d 1426 (9th Cir. 1993) (dismissal of action

12   with prejudice following settlement agreement constitutes a final judgment on the merits

13   for res judicata purposes).  There also is an identity between the parties in the New Century

14   adversary action and this action.  Therefore, Plaintiff's claims are barred by res judicata and

15   must be dismissed with prejudice.  Notably, Plaintiff's opposition to New Century Trust's

16   motion to dismiss not only is untimely, but also fails to substantively address or refute the

17   arguments presented in New Century Trust's motion.  For these reasons, the Court

18   GRANTS New Century Trust's motion to dismiss.

19              **5.      Access and Crabb**

20        Crabb allegedly is a licensed real estate broker who works for Access.  Am. Compl.

21   ¶ 25.  According to Plaintiff, following the unlawful detainer proceedings, Crabb posted a

22   "for sale" sign on the Subject Property.  Id.  Plaintiff alleges that Crabb and Access are

23   aware that the Subject Property "is in litigation" and as such their conduct is improper.  Id.

24   Crabb and Access have not filed a motion to dismiss nor have they otherwise appeared in

25   the action.

26        "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . .  Such

27   dismissal may be made without notice where the claimant cannot possibly win relief."

28   Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Silverton v. Dept. of

Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related").  Here, Plaintiff's claims against Crabb and Access are predicated on the notion that the foreclosure was improper.  As discussed, Plaintiff is precluded from relitigating that issue or TRA's right to take possession of the Subject Property.  Accordingly, for the reasons set forth above, the Court dismisses Plaintiff's claims against Access and Crabb.[4]

## B.   VEXATIOUS LITIGANT

In addition to seeking the dismissal of the action, Defendants Green Tree, DRN and TRA seek to have Plaintiff declared a vexatious litigant.  Dkt. 51, 61, 74.  A request to declare a party a vexatious litigant entails consideration of four factors:  (1) the party must have had adequate notice and an opportunity to oppose the order; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved.  De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

Although there appear to be sufficient grounds for the imposition of a narrowly-tailored vexatious litigant prefiling order, the Court has concerns whether it is appropriate for it to make that determination in the first instance.  Civil Local Rule 3-12(b) states that: "Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the earliest-

---

[4] The Court also notes that there is no indication that Plaintiff has served Access and Crabb within 120 days of the filing of the Complaint, as required by Federal Rule of Civil Procedure 4(m).  A dismissal under Rule 4(m) is without prejudice.  Thus, although the Court has found that the same rationale for dismissing the other Defendants applies equally to Access and Crabb, the dismissal as to these two Defendants is without prejudice, as there is no evidence that they were served in this action.

filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."  (Emphasis added).  A case is "related" to another when "(1) [t]he actions concern substantially the same parties, property, transaction or event; and [¶] (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a).

Here, with the exception of TRA, each of the Defendants' motions to dismiss is predicated on the argument that Plaintiff's claims are barred by virtue of the prior, final judgments rendered in actions decided by Judge Illston and Judge Alsup.  Yet, despite Defendants' contention that this and the prior actions involve the same parties and arise from the same transactional nucleus of facts, none of them complied with Civil Local Rule 3-12.  Their failure to do so is particularly problematic, as the judges with the most experience with Plaintiff's repetitive litigation tactics are not being asked to determine whether Plaintiff's present effort to relitigate claims which those judges already decided or could have decided warrants the imposition of a prefiling order.  Judge Illston presided over both the <u>Chicoine</u> and the <u>Ocwen</u> actions.  In the latter case, Judge Illston presided over the action for close to two years, during which she conducted numerous hearings and adjudicated several substantive motions.  Likewise, Judge Alsup presided over Plaintiff's bankruptcy appeals in Plaintiff's second bankruptcy action as well as the related adversary action.  Since those cases form the bases of Defendants' present request to declare Plaintiff a vexatious litigant, the Court finds that the better course of action is to permit those judges to consider in the first instance whether this action is related to their actions—and if so, whether Plaintiff should be declared a vexatious litigant.[5]  In the event they decline to relate this case, Defendants may renew their motion on this Court's calendar.

---

[5] The Court will prepare a separate order for a determination of whether this case is related to the earlier actions before Judge Illston and/or Judge Alsup.

**IV.    <u>CONCLUSION</u>**

For the reasons set forth above, the Court finds that each of the Defendants has presented meritorious grounds for dismissing the instant action.  Because Plaintiff is barred from relitigating claims arising from her mortgage, including the foreclosure of the Subject Property, the Court finds that further amendment to the pleadings would be futile. Therefore, all claims in this action, except as otherwise noted, are dismissed with prejudice. Accordingly,

IT IS HEREBY ORDERED THAT:

1.      Defendant Green Tree's Motion to Dismiss and Parallel Motion to Have Plaintiff Declared a Vexatious Litigant is GRANTED IN PART and DENIED IN PART;

2.      Defendant DRN's Motion to Dismiss and Parallel Motion to Have Plaintiff Declared a Vexatious Litigant is GRANTED IN PART and DENIED IN PART;

3.      Ocwen's Motion to Dismiss Plaintiff's Amended Verified Complaint is GRANTED;

4.      New Century's Amended Motion to Dismiss Plaintiff's Amended Verified Complaint for Damages and Partial Joinder in Motion to Dismiss of Green Tree Servicing LLC is GRANTED;

5.      Askew and TRA's Motion to Dismiss and Parallel Motion to Have Plaintiff Declared a Vexatious Litigant is GRANTED IN PART and DENIED IN PART.

1    6.    The Clerk shall close the file and terminate all pending matters.

2    IT IS SO ORDERED.

3    Dated: September 28, 2012

4    SAUNDRA BROWN ARMSTRONG
     United States District Judge