UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LESLIE PATRICE BARNES MARKS,<br><br>    Plaintiff,<br><br>vs.<br><br>TREVNOR ASKEW et al.,<br><br>    Defendants. | Case No: C 11-03851 SBA<br><br>**ORDER GRANTING MOTION TO REOPEN THE TIME TO APPEAL**<br><br>Docket 119 |

    On October 11, 2012, the Court entered judgment in favor of Defendants. Dkt. 116. On December 7, 2012, Plaintiff filed a notice of appeal. Dkt. 119. On January 25, 2013, the Ninth Circuit issued an order stating that "although the December 7, 2012 notice of appeal was not filed within 30 days after the judgment entered on October 11, 2012, appellant's notice of appeal contains a statement that she did not learn of the district court's judgment until December 3, 2012. We construe this statement to be a timely motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6)." Dkt. 124. The order further states that because the district court has not had the opportunity to rule on this motion, appellant's appeal is "remanded to the district court for the limited purpose of allowing that court to rule on appellant's December 7, 2012 motion." Id.

    On February 13, 2013, the Court issued an order setting a briefing schedule on Plaintiff's motion to reopen the time to appeal. Dkt. 127. On February 20, 2013, Defendants Green Tree Servicing, LLC ("Green Tree") and New Century Liquidating Trust ("New Century") filed an opposition. Dkt. 130. Plaintiff did not file a reply brief by

February 27, 2013 as permitted by the Court's February 13, 2013 order. Dkt. 127. Having read and considered the papers filed in connection with this matter as well as the record, the Court hereby GRANTS Plaintiff's motion to reopen the time to appeal, for the reasons stated below.

## I. DISCUSSION

Generally, a notice of appeal must be filed 30 days after the judgment is entered. Fed.R.App.P. 4(a)(1)(A). A party who does not timely file a notice of appeal may seek to reopen the time to file an appeal under Rule 4(a)(6), which provides that a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if three criteria are met:

> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).[1]

"Rule 4(a)(6) provides 'a limited opportunity' for relief under specific circumstances." Nunley v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir. 1995). It was adopted to "reduce the risk that the right to appeal will be lost through a failure to receive notice." Id.

---

[1] Rule 77(d) provides:

**(1) Service.** Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

**(2) Time to Appeal Not Affected by Lack of Notice.** Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

"While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." Nunley, 52 F.3d at 795. A party's "specific factual denial of receipt" is sufficient to rebut the presumption of receipt under the common law mailbox rule.[2] Id. at 796; see also Schikore v. BankAmerica Supplemental Retirement Plan, 269 F.3d 956, 964 n. 7 (9th Cir. 2001) (allowing a rebuttal of the presumption of receipt by a "specific factual denial" is consistent with the general purpose of Rule 4(a)(6), which is to ensure that parties who have not received notice of the entry of judgment are not thereby deprived of the opportunity to appeal). "When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." Id. at 796.

Here, Plaintiff's December 7, 2012 notice of appeal contains a statement indicating that she first learned about the judgment on or about December 3, 2012 when she received a phone call from a Clerk of this court advising her that a decision had been made on her case. Dkt. 119. A review of the record reveals that a copy of the order dismissing this action and a copy of the judgment were sent to Plaintiff's address of record by U.S. Mail on October 11, 2012. Dkt. 117. The record also reveals that this mailing was returned to the Court as undeliverable on December 3, 2012. Dkt. 118. This evidence, coupled with Plaintiff's statement that she did not receive notice, are sufficient to rebut the presumption of receipt which arises from proper and timely mailing under the common law mailbox rule. See Nunley, 52 F.3d at 795-796, n. 5 (stating that "[u]nder the so-called 'bursting bubble' approach to presumptions, a presumption disappears where rebuttal evidence is presented," and that a "specific factual denial of receipt" by the addressee is sufficient to support a finding that the recipient did not receive notice of entry of judgment from the district court, thereby allowing the district court the discretion to extend the party's time to file an appeal).

---

[2] "Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." Nunley, 52 F.3d at 796.

Having reviewed the record, the Court concludes that the three requirements of Rule 4(a)(6) are satisfied. The evidence in the record shows that Plaintiff did not receive notice under Rule 77(d) of the entry of the judgment within 21 days after entry on October 11, 2012. The evidence demonstrates that Plaintiff received notice of the entry of the judgment on December 3, 2012. It also demonstrates that Plaintiff's motion to reopen the time to appeal was filed on December 7, 2012, which is within 14 days after Plaintiff received notice of the entry of the judgment. No Defendant claims that it would be prejudiced by the granting of the motion.

To the extent Green Tree and New Century argue that Plaintiff's motion should be denied because the Court served Plaintiff with a copy of the judgment at her address of record within 21 days after entry of the judgment, the Court disagrees. Dkt. 130. According to Green Tree and New Century, "service of documents at [Plaintiff's] address of record should be deemed effective" because Plaintiff failed to "keep that address up to date." Dkt. 130. While Green Tree and New Century appear to be correct in their contention that Plaintiff did not receive notice of the entry of the judgment in October 2012 because she failed to timely notify the Court of her new address of record in violation of Civil Local Rule 3-11,[3] the Court finds that this is an insufficient basis to deny Plaintiff's motion. Green Tree and New Century do not argue that Plaintiff received actual notice of the judgment within 21 days from the entry of the judgment. Nor do they cite any authority holding that the first requirement of Rule 4(a)(6) (i.e., non-receipt of notice within 21 days after the entry of the judgment) is not satisfied based on the circumstances of this case.

Finally, to the extent Green Tree and New Century request that the Court exercise its discretion to deny Plaintiff's motion due to her failure to timely update her address of record, the Court declines to do so. In their opposition, Green Tree and New Century cite, without elaboration or analysis, <u>Benavides v. Bureau of Prisons</u>, 79 F.3d 1211 (D.C. Cir. 1996), for the proposition that a district court may, in its discretion, deny relief under Rule

---

[3] On December 7, 2012, in addition to filing a notice of appeal, Plaintiff filed a notice of change of address. <u>See</u> Dkt. 119, 121.

4(a)(6) if the movant negligently failed to notify the clerk of his change of address.  Id. at 1214.

The Ninth Circuit has held that a district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met.  See In Arai v. American Bryce Ranches, Inc., 316 F.3d 1066, 1069 (9th Cir. 2003).  While the Ninth Circuit has not decided what factors the court ultimately may utilize in denying a Rule 4(a)(6) motion when the requirements have been met, it has stated that the scope of the district court's discretion is limited.  Id. at 1070.  The Ninth Circuit has determined that "the merits of the potential appeal are not a permissible consideration," id. at 1071, and that the "concept of excusable neglect has no place in the application of Rule 4(a)(6)," Nunley, 52 F.3d at 798 (denial of a Rule 4(a)(6) motion cannot rest on a failure to show "excusable neglect").  The Ninth Circuit has also determined that "district judges have some discretion, but that where non-receipt has been proven and no other party would be prejudiced, the denial of relief cannot rest on a party's failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal." Id.

Here, the Court has found that all of the requirements of Rule 4(a)(6) have been satisfied.  The Court further finds that Green Tree and New Century have failed to demonstrate that denial of Plaintiff's motion is warranted pursuant to the Court's discretionary authority.  Nor does the Court find it appropriate to exercise its discretion to deny Plaintiff's motion.  See Nunley, 52 F.3d at 797-798 (The central purpose of Rule 4(a)(6) is "to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment.").  Accordingly, Plaintiff's motion to reopen the time to appeal is GRANTED.

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to reopen the time to appeal is GRANTED.  As directed by the Ninth Circuit, Plaintiff does not need to file a new notice of appeal.  See Dkt. 124.

2. The Clerk shall send a copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: 2/28/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LESLIE PATRICE BARNES MARKS,

      Plaintiff,

v.

TREVNOR ASKEW et al,

      Defendant.
_____/

Case Number: CV11-03851 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 28, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leslie Patrice Barnes Marks
P.O. Box 14812
Oakland, CA 94561

Dated: February 28, 2013

                                   Richard W. Wieking, Clerk

                                   By: Lisa Clark, Deputy Clerk